IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| PRUCO LIFE INSURANCE COMPANY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO.: 3:19-cv-824-ECM |
| ) | (WO) |
| ALYSSA WEBB, A.W., a minor, and ) | |
| ASHLEY WEBB TOUCHSTON, ) | |
| ) | |
| Defendants. ) | |

## **ORDER**

This matter is before the Court on Plaintiff Pruco Life Insurance Company's ("Pruco") Motion for Default Judgment as to Defendants Alyssa Webb and Ashley Webb Touchston and for Interpleader Relief (doc. 25), filed on March 20, 2020. On October 24, 2019, Pruco filed a Complaint for Interpleader and Declaratory Relief against Alyssa Webb ("Webb"), Ashley Webb Touchston ("Touchston"), and A.W., a minor. (Doc. 1). After Webb was charged with the murder of Pruco's insured, Pruco initiated this action to disclaim any interest in the Death Benefit to be paid under the subject life insurance policy and to ask the Court to determine the potential claims of the defendants.

Webb and Touchston both failed to answer the Complaint. The Clerk of Court entered a default against Touchston on February 24, 2020, (doc. 21), and against Webb on March 13, 2020, (doc. 24). Both Webb and Touchston have likewise failed to respond to Pruco's Motion within the time prescribed in the Federal Rules of Civil Procedure. Fed. R. Civ. P. 27(a)(3)(A). For the reasons discussed below, Pruco's Motion is due to be GRANTED in part and DENIED in part.

1

**I.   JURISDICTION AND VENUE**

The jurisdiction of this Court is properly invoked pursuant to 28 U.S.C § 1335 and 28 U.S.C. § 1332. Venue is proper pursuant to 28 U.S.C. § 1397 and 28 U.S.C. § 1391 (a).

**II.   LEGAL STANDARD**

   **A. Interpleader**

"Interpleader is the means by which an innocent stakeholder, who typically claims no interest in an asset and does not know the asset's rightful owner, avoids multiple liability by asking the court to determine the asset's rightful owner." *In re Mandalay Shores Co-op, Housing Ass'n, Inc.*, 21 F.3d 380, 383 (11th Cir. 1994). *See also, Prudential Life Ins. Co. of Am. v. Hearndon*, 2019 WL 5592470, *1 (M.D. Fla. 2019); *Life Ins. Co. of N. Am. v. Williams*, 2015 WL 10961833, *2 (N.D. Ga. 2015). A successful interpleader action results in the entry of discharge judgment on behalf of the stakeholder; and "once the stakeholder turns the asset over to the registry of the court, all legal obligations to the asset's claimants are satisfied." *Mandalay Shores Co-op*, 21 F.3d at 383.

An interpleader action proceeds in two stages. First, the Court must determine "whether interpleader is proper and whether to discharge the stakeholder from further liability to the claimants. At the second stage, the court evaluates the respective rights of the claimants to the interpleaded funds." *Unum Life Ins. Co. of Am. v. Smith*, 2018 WL 1977257, * 2 (M.D. Ala. 2018).

   **B. Default Judgment**

In the Eleventh Circuit there is a "strong policy of determining cases on their merits and we therefore view defaults with disfavor." *In re Worldwide Web Systems, Inc.,* 328

F.3d 1291, 1295 (11th Cir. 2003). Nonetheless, it is well-settled that a "district court has the authority to enter default judgment for failure . . . to comply with its orders or rules of procedure." *Wahl v. McIver,* 773 F.2d 1169, 1174 (11th Cir. 1985).

Rule 55 of the Federal Rules of Civil Procedure provides for entry of default and default judgment where a defendant "has failed to plead or otherwise defend as provided by these rules." Fed. R. Civ. P. 55(a). Although modern courts do not favor default judgments, they are appropriate when the adversary process has been halted because of an unresponsive party. *Flynn v. Angelucci Bros. & Sons, Inc.,* 448 F. Supp. 2d 193, 195 (D.D.C. 2006) (citation omitted). Where, as here, a defendant has failed to respond to or otherwise acknowledge the pendency of a lawsuit against him months after being served, entry of default judgment may be appropriate.

The law is clear, however, that a defendant's failure to appear and the Clerk's subsequent entry of default against him do not automatically entitle the plaintiff to a default judgment. A default is not "an absolute confession by the defendant of his liability and of the plaintiff's right to recover," but is instead "an admission of the facts cited in the Complaint, which by themselves may or may not be sufficient to establish a defendant's liability." *Pitts ex rel. Pitts v. Seneca Sports, Inc.,* 321 F. Supp. 2d 1353, 1357 (S.D. Ga. 2004); *see also Descent v. Kolitsidas,* 396 F. Supp. 2d 1315, 1316 (M.D. Fla. 2005) ("The defendants' default notwithstanding, the plaintiff is entitled to a default judgment only if the complaint states a claim for relief"); *Chudasama v. Mazda Motor Corp.,* 123 F.3d 1353, 1370 n.41 (11th Cir. 1997) ("A default judgment cannot stand on a complaint that fails to state a claim.").

"The allegations must be well-pleaded in order to provide a sufficient basis for the judgment entered." *De Lotta v. Dezenzo's Italian Rest., Inc.,* 2009 WL 4349806 at *2 (M.D. Fla. 2009) (citing *Eagle Hosp. Physicians, LLC v. SRG Consulting, Inc.,* 561 F.3d 1298, 1307 (11th Cir. 2009)).  In deciding whether the allegations in the complaint are well pleaded, the "plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007) (quotations omitted).  Instead, the "factual allegations must be enough to raise a right to relief above the speculative level." *Id.*

Moreover, "[a] named interpleader defendant who fails to answer the interpleader complaint and assert a claim to the res forfeits any claim of entitlement that might have been asserted." *Sun Life Assur. Co. of Canada v. Conroy*, 431 F. Supp. 2d 220, 226 (D.R.I. 2006).

**III.     FACTS AND PROCEDURAL HISTORY**

In its Complaint, Pruco asserts that it issued an individual life insurance policy on the life of Kevin Webb ("the Insured"), in the amount of $100,000.00. The policy designated defendant Webb as the sole primary beneficiary and A.W., the minor child of Webb and the Insured, as the sole contingent beneficiary. Pruco further asserts that in December of 2017, the Insured died as a result of gunshot wounds and Webb was charged with the murder of the Insured. Pruco notes that if Webb is convicted of the murder of the Insured, she will be disqualified from receiving the Death Benefit funds pursuant to the

4

"Alabama Slayer Statute,"[1] in which case, A.W. would be entitled to the funds. If Webb is not convicted, however, she would receive the Death Benefit.

Pruco further states in its Complaint that it received correspondence in March of 2018 from defendant Touchston, the adult daughter of the Insured, asserting a partial claim to the Death Benefit. In her letter, Touchston requested that the Insured's funeral expenses be paid out of the Death Benefit and the remaining proceeds be split between Touchston and A.W. Touchston contended that A.W. should be partially disqualified as a beneficiary due to his status as Webb's son and asked that she be named trustee over A.W.'s portion of the funds. Pruco avers that the conflicting claims of Webb, A.W., and Touchston make interpleader relief appropriate.

In the Complaint, Pruco claims no title to or interest in the policy proceeds and asks this Court to direct the defendants to interplead their rights to the Death Benefit and discharge Pruco from all liability to the defendants arising out of matters related to the payment of the Death Benefit. Upon order of this Court, (doc. 13), Pruco deposited the policy proceeds, totaling $103,255.05, into the Court's registry on February 10, 2020, (doc. 14).

Webb was served with process on November 4, 2019, (doc. 6), and filed a Motion for an Extension of Time to File Answer, (doc. 7), on November 25, 2019. Webb's motion was granted and she was permitted until December 24, 2019, to respond to the Complaint.

---

[1] A named beneficiary of a life insurance policy who "feloniously and intentionally kills the principal oblige or the person upon which life the policy is issued is not entitled to any benefit under the . . . policy . . . and it becomes payable as though the killer had predeceased the decedent." Ala. Code § 43-8-253 (1975).

(Doc. 8). Webb did not file an answer and has not filed anything further with this Court. The Clerk of Court entered a default against Webb on March 13, 2020. (Doc. 24).

Touchston was served with process on November 12, 2019, (doc. 11), and her answer was due on December 3, 2019. Touchston did not file an answer. The Clerk of Court entered a default against Touchston on February 24, 2020. (Doc. 21).

A.W. was served with process on November 20, 2019. (Doc. 10). After this Court appointed a *guardian ad litem* to represent A.W.'s interests, (doc. 13), A.W. filed an answer and cross-claim against Webb and Touchston on March 4, 2020. (Doc. 23).

After the entries of default against Webb and Touchston, Pruco filed its Motion for Default Judgment and Interpleader Relief on March 25, 2020. (Doc. 25). In its motion, Pruco asserts that Webb and Touchston's failure to respond to the Complaint makes default judgment appropriate against both defendants. Pruco further requests that this Court grant interpleader relief by directing the defendants to interplead their rights to the Death Benefit, restraining the defendants from initiating any proceedings against Pruco relating to the Death Benefit, discharging Pruco from further liability, and dismissing Pruco from the lawsuit.

This Court entered an order on March 30, 2020, (doc. 27), directing the parties to show cause by April 20, 2020 as to why Pruco's motion should not be granted. A.W. filed his response to this order on April 20, 2020, (doc. 30), asserting no opposition to this Court granting Pruco's motion. Neither Webb nor Touchston responded to the order.[2]

---

[2] Webb was served with a copy of the Order to Show Cause on April 2, 2020 (doc. 29). A copy of the order mailed to Touchston was returned marked "Return to Sender – Unclaimed – Unable to Forward."

## IV. DISCUSSION

Pruco seeks default judgment against both Webb and Touchston and requests interpleader relief. Because an interpleader action proceeds in two stages, the Court must first determine "whether interpleader is proper and whether to discharge the stakeholder from further liability to the claimants." *Unum Life Ins. Co. of Am. v. Smith*, 2018 WL 1977257 at * 2.

### A. Interpleader Relief

The Court concludes that interpleader is proper in this matter because there are three potential claimants to the Death Benefit: defendants Webb, Touchston, and A.W. At this juncture, the Plaintiff has interpleaded the funds into the Court's registry and has satisfied its obligations with respect to the Death Benefit. Moreover, A.W., as the sole responding defendant, does not oppose the Plaintiff's discharge. (Doc. 30). Accordingly, the Court will GRANT Pruco's motion to the extent that Pruco may be discharged from this action and the defendants will be restrained from initiating any action against Pruco for the payment of the subject Death Benefit.

Prior to turning to the second stage of interpleader, in which the Court decides which defendant is entitled to the Death Benefit, the Court must first resolve the Plaintiff's request for default judgment against Webb and Touchston in order to determine which defendants might still have a claim to the proceeds.

**B. Default as to Touchston**

Touchston was served with process on November 12, 2019. She failed to answer or otherwise respond to the Complaint and likewise failed to respond to this Court's order to show cause after the Plaintiff moved for default judgment.

Accepting the allegations in Pruco's Complaint as true for purposes of this analysis, Touchston is not a beneficiary to the insurance policy. Instead, she asserts her claim to a portion of the Death Benefit by way of a letter in which she argues that A.W. should be partially disqualified as a beneficiary due to his status as Webb's son. Touchston's letter offers no legal basis in support of her claim to the funds. Due to her failure to respond to the Complaint within the time prescribed by the Federal Rules of Civil Procedure, Touhston has forfeited "any claim of entitlement that might have been asserted." *Sun Life Assur. Co. of Canada*, 431 F. Supp. 2d at 226. As a result, the Court finds that Pruco's motion for default judgment is due to be GRANTED as to defendant Touchston.

**C. Default as to Webb**

The Court does not, however, find that default judgment is appropriate as to defendant Webb. Although, by defaulting, Webb does admit the well-pleaded allegations in the Complaint, the Complaint does not allege that Webb did, in fact, "feloniously and intentionally" kill the Insured. Ala. Code § 48-8-253 (1975). Instead, the Complaint asserts that *if* she were to be convicted of the Insured's murder, Webb would not be entitled to the Death Benefit in accordance with the Alabama Slayer Statute. *Cf. Unum Life Ins. Co. of America v. Linville,* 2006 WL 2051862 (D. Colo. 2006) (finding default judgment

appropriate in an interpleader action where the complaint alleged a defendant was the "felonious killer" of an insured).

Although criminal charges were filed against Webb for the murder of the Insured, there has been no final conviction. Further, no civil action has been filed by either Pruco or the family of the Insured to determine if Webb, by a preponderance of the evidence, intentionally and feloniously killed the Insured. By defaulting, Webb may be exercising her Fifth Amendment privilege, which would preclude seeking proceeds in this case while simultaneously asserting a defense in the pending murder case. *See New York Life Ins. & Annuity Corp. v. Gerth*, No. 8:12-CV-1954-T-30MAP, 2014 WL 12617556, at *2 (M.D. Fla. Apr. 23, 2014) ("The Fifth Amendment cannot be used as 'a sword and a shield.'") (citing *Zabrani v. Riveron*, 495 So. 2d 1195, 1199 (Fla. 3d DCA 1986)).

The Court declines to find Webb in default while her criminal matter is still pending. Without a conviction or a civil finding that she intentionally and feloniously killed the Insured, Webb cannot be found to have forfeited her entitlement to the Death Benefit. As such, the Court will not proceed with the second stage of interpleader until such a time that Webb has been adjudicated either guilty or not guilty of the murder of the Insured. Accordingly, it is ORDERED as follows:

1. Pruco's motion for interpleader relief (doc. 25), is GRANTED to the extent that defendants Alyssa Webb, A.W., and Ashley Webb Touchston are ENJOINED from instituting any action or proceeding in any state or United States court against Pruco Life Insurance Company for recovery of the Death Benefit resulting from the death of Kevin Webb;

2. Pruco is DISCHARGED from this action without further liability;

3. Pruco's motion for default judgment as to defendant Ashley Webb Touchston (doc. 25), is GRANTED;

4. Pruco's motion for default judgment as to defendant Alyssa Webb (doc. 25), is DENIED; and

5. The Clerk is DIRECTED to realign the parties such that A.W. is the Plaintiff and Alyssa Webb is the Defendant. A separate judgment will be entered in accordance with this opinion.

DONE this 9th day of July, 2020.

        /s/ Emily C. Marks
EMILY C. MARKS
CHIEF UNITED STATES DISTRICT JUDGE