IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| A.W., a minor, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL CASE NO.: 3:19-cv-824-ECM |
| | ) | (WO) |
| ALYSSA WEBB, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION and ORDER**

This matter is before the Court on Plaintiff A.W.'s Motion for Judgment on the Pleadings (doc. 36), filed on July 27, 2020. A.W. contends, based on the pleadings, that there is no dispute he is entitled to the insurance proceeds at issue in this suit and asks this Court to disperse the interpleaded funds to a guardianship account established in his name, minus attorney's fees. For the reasons discussed below, A.W.'s Motion is due to be GRANTED.

**I.   PROCEDURAL HISTORY**

This action began on October 24, 2019, when Pruco Life Insurance Company filed a Complaint for Interpleader and Declaratory Relief (doc. 1) after Alyssa Webb was charged with the murder of Pruco's insured. Pruco initiated this action to disclaim any interest in the Death Benefit to be paid under the subject life insurance policy and to ask the Court to determine the potential claims of multiple defendants.

After Webb failed to answer the Complaint and respond to Pruco's Motion for Default Judgment (doc. 25), this Court entered an order (doc. 33) in which it declined to

find Webb in default while her criminal matter was still pending, noting that Webb could not be found to have forfeited her entitlement to the Death Benefit without a conviction or a civil finding that she intentionally and feloniously killed the Insured.

Shortly thereafter, Webb, acting *pro se*, filed her sworn answer (doc. 34) waiving "any claim" to the subject insurance proceeds and consenting to a judgment awarding the Death Benefit to A.W. In response, A.W. filed the instant Motion.

## II.    LEGAL STANDARD

Rule 12 of the Federal Rules of Civil Procedure provides for a party to move for judgment on the pleadings after the pleadings are "closed," but early enough not to delay trial. Fed. R. Civ. P. 12(c).  Rule 7(a), in turn, governs pleadings and sets forth a limited list of permissible pleadings. Only these pleadings are allowed: "(1) a complaint; (2) an answer to a complaint; (3) an answer to a counterclaim designated as a counterclaim; (4) an answer to a crossclaim; (5) a third-party complaint; (6) an answer to a third-party complaint; and (7) if the court orders one, a reply to an answer." Fed. R. Civ. P. 7(a).  This rule's express provision for an answer to a crossclaim anticipates that "the pleadings do not 'close' until an answer has been filed by the" cross-defendant. *See Perez v. Wells Fargo N.A.*, 774 F.3d 1329, 1336 (11th Cir. 2014).

Once the pleadings have closed, "judgment on the pleadings is appropriate where there are no material facts in dispute and the moving party is entitled to judgment as a matter of law." *Cannon v. City of W. Palm Beach,* 250 F.3d 1299, 1301 (11th Cir. 2001). In determining whether a party is entitled to judgment on the pleadings, a court accepts as true all material facts alleged in the non-moving party's pleading and view those facts in

the light most favorable to the non-moving party. *See Hawthorne v. Mac Adjustment, Inc.,* 140 F.3d 1367, 1370 (11th Cir. 1998). If a comparison of the averments in the competing pleadings reveals a material dispute of fact, judgment on the pleadings must be denied. *See Stanton v. Larsh,* 239 F.2d 104, 106 (5th Cir. 1956).

The court analyzes a Rule 12(c) motion for judgment on the pleadings the same way as a Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted. *See Dial v. City of Bessemer*, No. 2:14-cv-01297-RDP, 2016 WL 3054728, at *3 (N.D. Ala. 2016). ("A Rule 12(c) motion for judgment on the pleadings is analyzed the same as a Rule 12(b)(6) motion to dismiss."). So, to survive a motion for judgment on the pleadings, a complaint or crossclaim "must contain sufficient factual matter, accepted as true, to state a claim to relief that it plausible on its face.'" *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

### III.  DISCUSSION

The Court must first determine whether judgment on the pleadings is appropriate at this stage in the litigation. Rule 12 necessitates that the pleadings be "closed" prior to the entry of a judgment on the pleadings. Fed. R. Civ. P. 12(c).  Here, a complaint and crossclaim have been filed against Webb. Therefore, Webb must answer both the complaint and the crossclaim to effectively close the pleadings.

Webb filed her *pro se* answer on July 24, 2020, after the complaint and crossclaim had been filed. It is well-settled that "a *pro se* pleading is held to a less-stringent standard than a pleading drafted by an attorney and is liberally construed." *Jones v. Florida Parole Com'n,* 787 F.3d 1105, 1106-07 (11th Cir. 2015). Webb's answer is titled "Defendant

Alyssa Webb's Answer." Because the document doesn't specify that it is an answer to any one specific pleading, and because it was filed after the complaint and crossclaim were filed, the Court construes Webb's answer as responding to both the complaint and the crossclaim against her. Accordingly, the pleadings in this matter are closed for the purposes of rendering a judgment on the pleadings.

Next, the Court must determine whether A.W.'s crossclaim states a claim for relief that is plausible on its face and whether any material facts are in dispute. A.W.'s crossclaim (doc. 23) alleges Pruco's insured died as a result of multiple gun-shot wounds feloniously and intentionally inflicted by Webb.  A.W. contends that, pursuant to Alabama's Slayer Statute,[1] Webb is not entitled to the Death Benefit and that A.W. is entitled to the policy proceeds as the sole contingent beneficiary. Accepting these contentions as true, the Court finds that the crossclaim states a claim for relief that is plausible on its face.

Regarding disputes of material fact, A.W. points to Webb's answer to support his argument that no dispute exists as to the proper beneficiary of the subject insurance proceeds.  The Court is inclined to agree.  In her answer, Webb waives "any claim [she] may have to the insurance proceeds" and consents "to entry of a judgment awarding said funds" to A.W. (Doc. 34 at 1).  A.W. and Webb are the only two remaining claimants to the Death Benefit. By disclaiming her interest in the subject proceeds, Webb has forfeited any entitlement to the Death Benefit, leaving A.W. as the sole remaining claimant.  As a

---

[1] A named beneficiary of a life insurance policy who "feloniously and intentionally kills the principal oblige or the person upon which life the policy is issued is not entitled to any benefit under the . . . policy . . . and it becomes payable as though the killer had predeceased the decedent." Ala. Code § 43-8-253 (1975).

4

result, there appears to be no material fact in dispute and judgment on the pleadings may be entered to award the Death Benefit to the plaintiff, A.W. Accordingly, it is

ORDERED that A.W.'s Motion for Judgment on the Pleadings (doc. 36), is GRANTED to the extent set forth in this order. It is further

ORDERED that prior to executing the remainder of this order the Clerk of the Court is DIRECTED to wait the requisite period for the expiration of the time for appeal, after the Clerk receives any necessary documentation from the payee, such as duly signed and dated W-9 forms. If there is an appeal, the Clerk of the Court shall delay payment pending resolution of the appeal. If no appeal is filed, the Clerk of the Court shall proceed to the remainder of this order and disburse the interpleaded funds as follows:

1. The principal sum of $34,418.35 shall be paid to Jerry M. Blevins, Hillwood Office Center, 2800 Zelda Road, Suite 200-3, Montgomery, Alabama 36106;

2. The principal sum of $68,836.70, plus ninety percent (90%) of the earned interest shall be paid to George Diamond, Judge of Probate, P.O. Box 249, Wedowee, Alabama 36278, to be deposited into the guardianship account established for A.W.

3. The balance of ten percent (10%) of the earned interest to the Clerk of the Court. Pursuant to 28 U.S.C. § 1914(b) and FRDOC 91-26415 reported at 56 Fed. Reg. 56356 (November 4, 1991), and directions received from the Administrative Office of the U.S. Courts on February 7, 1992. The Clerk is further DIRECTED to receipt said ten percent (10%) fee into the 510100 fund.

Upon disbursement of the interpleader funds, final judgment will be entered.

It is further

ORDERED that the motion for order on motion (doc. 46) is DENIED as moot.

DONE this 16th day of September, 2021.

                                         /s/ Emily C. Marks
                                EMILY C. MARKS
                                CHIEF UNITED STATES DISTRICT JUDGE